ACCEPTED
14-14-00302-CV
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
5/18/2015 11:40:36 AM
CHRISTOPHER PRINE
CLERK



FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
5/18/2015 11:40:36 AM
CHRISTOPHER A. PRINE
Clerk

3939 Washington Avenue, Suite 203
Houston, Texas 77007
Main  (281) 377-3311
Fax     (281) 377-3267

Cheryl Blount
Direct (281) 372-3273
cblount@scottpattonlaw.com

May 18, 2015

Fourteenth Court of Appeals
301 Fannin, Room 245
Houston, Texas 77002

> *Re:*   Cause No. 14-14-00302-CV; *Omega Lout, Appellant v. The Methodist Hospital, Appellee;*
> In the Court of Appeals for the Fourteenth Judicial District, Houston, Texas.

To the Honorable Fourteenth Court of Appeals:

In response to Appellant's recent Post Submission Letter, Appellee, The Methodist Hospital, respectfully files this Post Submission Response distinguishing the Supreme Court of Texas' recent opinion in *Ross v. St. Lukes Episcopal Hosp.*, No. 13-0439, 2015 WL 2009744 (Tex. May 1, 2015) from the instant case as follows:

As Appellant has provided, the *Ross* Court concluded that there must be a "substantial nexus between the safety standards allegedly violated and the provision of healthcare" for a claim to fall under the safety prong of Chapter 74.  *Id.* at *17.  In other words, "the pivotal issue in a safety-standards based claim is whether the standards on which the claim is based implicate the defendant's duties as a health care provider, including its duties to provide for patient safety."  *Id.* at *18.

To determine whether this standard is met, the *Ross* Court provided certain "non-exclusive" considerations, including the following pertinent considerations:

- Did the injuries occur in a place where patients might be during the time they were receiving care, so that the obligation of the provider to protect persons who require special, medical care was implicated;

- Is the alleged negligence based on safety standards arising from professional duties owed by the health care provider; and

- Is the alleged negligence based on safety standards arising from professional duties owed by the health care provider.

*Id.* at 19.  Contrary to Appellant's recent assertion, the answer to these two critical considerations is absolutely "yes."

In *Ross*, the plaintiff, Ross, slipped and fell near the hospital lobby exit doors away from patient care areas of the hospital.  *Id.* at *1.  Generally, medical care and treatment does not occur near the hospital lobby exit doors.  This was a pivotal fact for the Court as it noted "the hospital does not claim, nor does the record show, that the area where Ross fell was a patient care area or an area where patients possibly would be in the course of the hospital providing health care services to them."  *Id.* at *5.  Given this and consideration of the other factors, the *Ross* Court held that there was not a substantive relationship between Ross' claim and the provision of health care by the hospital.  Had the fall in *Ross* occurred in a patient care area, such as a "heart failure unit," like that in the instant appeal, the decision of the Court in the Ross decision would have undoubtedly been different.

This issue in *Ross* is clearly and unmistakably distinguishable from this appeal.  As opposed to Ross who slipped and fell in a hospital lobby, Appellant alleges that she slipped and fell on the 11th Floor of The Methodist Hospital in the "heart failure unit," which is undoubtedly a place within the hospital "where patients might be during the time they were receiving care…"  In her answers to discovery at the trial level, Appellant disclosed that she slipped and fell on water that accumulated on the floor in the *"heart failure unit"* while she was at Methodist visiting her mother, who was a patient in the heart failure unit at Methodist.  C.R. 5, 48.

Unlike the exit doors in the hospital lobby in *Ross*, Appellant was necessarily in an area "where patients might be during the time they were receiving care, so that the obligation of [Appellee] to protect persons who require special, medical care was implicated."  *See Ross*, 2015 WL 2009744, at *19.  Additionally, because Appellant claims that Appellee was negligent in failing to inspect and maintain an area where patients travel, it follows that Appellant is claiming negligence based on professional duties owed by Methodist to protect its patients during their stay at the hospital.  Moreover, unlike Ross, Appellee has argued that the fact that Appellant fell in a patient care area places her claims under the umbrella of Chapter 74.

Therefore, two of the significant factors in *Ross* favor this Court affirming the trial court's dismissal of Appellant's claims because she failed to meet the requirements under Chapter 74.  Appellee urges this Court to affirm the trial court's decision in this appeal.

Sincerely,

SCOTT PATTON PC

Cheryl Blount